IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK N.A., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-3314-L |
| ) | |
| JUAN SILVA, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.  Factual background:**

Plaintiff JP Morgan Chase, N.A. ("Plaintiff") filed a forcible detainer action in Texas state court against Juan Silva and all occupants ("Defendant") involving real property located in Grand Prairie, Texas (the "Property").  Plaintiff received a judgment for possession of the Property in Justice of the Peace Court.  Before Plaintiff could obtain final judgment, Defendant removed the case to federal court.  *See JP Morgan Chase, N.A. v. Silva*, 3:13-CV-1707-L-BN. On July 23, 2013, the District Court remanded the case to state court finding that removal was improper.

In the instant action, Defendant has again removed the same case to federal court.  The Court finds the case should be remanded back to state court.

**II.  Discussion:**

1.     **Remand**

As the Court found in Defendant's earlier removal, remand is appropriate for many reasons, one of which is the forum-defendant rule.  Defendant states he is a citizen of Texas, which is the same state where Plaintiff filed the underlying eviction proceeding.  An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit.  See 28 U.S.C. § 1441(b)(2).  Failure to comply with this requirement renders removal defective.  *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (finding removal of case in violation of forum-defendant rule is defective).

Additionally, there is no federal question raised in Plaintiff's complaint.  *See J.P. Morgan Chase, N.A. v. Silva*, 3:13-CV-1707-L-BN.  Although Defendant raises federal claims in his removal, federal question jurisdiction is established only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009).  In this case, Plaintiff's complaint raises no federal question jurisdiction and should be remanded to state court.

2.     **Sanctions**

In Defendant's earlier removal action, the Court's order informed Defendant that removal of this case was improper.  The Court finds Defendant should be warned that if he continues to file frivolous removal actions, he may be subject to sanctions, including monetary sanctions.

**RECOMMENDATION:**

The Court recommends that: (1) this action be remanded to the Justice of the Peace Court, Precinct 4, Place 2, Dallas County, Texas, and (2) Defendant be warned that if he continues to file frivolous removal actions he will be subject to sanctions.

Signed this 29th day of August, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).